HLD-011                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1973
_____

IN RE:  IFEDOO NOBLE ENIGWE,

                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-19-cv-12631)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 17, 2020
Before:  SMITH, <u>Chief</u> <u>Judge</u>, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

     Ifedoo Noble Enigwe has filed a petition for a writ of mandamus seeking an order

directing the District Court to rule on a motion that he filed under Fed. R. Civ. P. 60(b).

We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Enigwe instituted the civil action at issue here by submitting a complaint in which he accused two defendants of discriminating against him in connection with an airport hotel parking shuttle. About five months later, and without any further developments, Enigwe informed the District Court by letter that he wished to voluntarily withdraw his complaint. The District Court then entered an order on October 28, 2019, dismissing his complaint with prejudice. Enigwe's deadline to appeal that ruling expired on November 27, 2019. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

On December 9, 2019, Enigwe filed with the District Court a motion under Rule 60(b). Enigwe argued that the District Court erred in dismissing his complaint with prejudice in light of his voluntary withdrawal, and he asked the District Court to either set aside its order or enter another order dismissing his complaint without prejudice instead. The defendants filed a response in opposition to Enigwe's motion, and it appears that the motion has been ripe for disposition since January 2020.

Enigwe now has filed a mandamus petition with this Court seeking an order directing the District Court to rule on his Rule 60(b) motion. Mandamus may be warranted when a delay in ruling amounts to a failure to exercise jurisdiction and, in some cases, delays of this length might be of concern. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Under the circumstances, however, we cannot say that the extraordinary remedy of mandamus is warranted. Those circumstances include the facts that Enigwe did not serve the District Judge with his mandamus petition until July of

2

2020[1] and that Enigwe has not expressed any desire to proceed with any affirmative claim for relief.  Thus, we will deny his mandamus petition.  We are confident that the District Court will rule on Enigwe's Rule 60(b) motion in due course.  To the extent that Enigwe's filings can be construed to request any other relief, such as an order vacating the District Court's order,[2] those requests are denied as well.

---

[1] Enigwe also has not served his petition on the defendants as required by Fed. R. App. P. 21(a)(1).  Enigwe argues that he need not do so because the voluntary withdrawal of his complaint means that there are no defendants to serve.  We need not address that issue because we are denying Enigwe's petition on the merits.

[2] Enigwe's petition can be read at times to request what is in essence appellate review of the District Court's October 28 order of dismissal.  We deny Enigwe's petition to that extent because mandamus is not a substitute for appeal.  See Madden, 102 F.3d at 77.